Hillsborough,
No. 4449.

BERNARD MOULTON, *Adm'r v.* GAIDMORE POULTRY CO., INC.

Argued January 4, 1956.

Decided February 7, 1956.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Charles J. Dunn* (*Mr. Dunn* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* (*Mr. Nourie* orally), for the defendant.

LAMPRON, J. The defendant could properly be found causally negligent. At about six o'clock on the evening in question it was dark and raining. The truck with which decedent collided was parked next to the southerly curb of Nashua Street, a public highway, without parking lights being displayed one-half hour after sunset and when it could be found that rain interfered with clear vision. RSA 263:51. It had been parked there at four o'clock by an employee of defendant. Its president and general manager, who was also one of its three directors, knew that company drivers had been leaving its trucks parked there at night without lights for a period of one to three months before this accident.

There was a street light on the north side of Nashua Street westerly of the place of collision. It was located 62 feet 8 inches in a diagonal direction from the left rear wheel of defendant's truck. There was foliage in the vicinity. The street light "is very, very poor. It is like a candle light." "The lighting in the vicinity was very poor at the time."

Three automobiles traveling easterly on Nashua Street within

a period of about a half hour to fifteen minutes or less before the accident testified that they did not see the truck involved until within "a car's length," "a couple car lengths," "when it loomed up in front" with "just room enough to swing out to not hit it."

On that evidence the jury could properly find that defendant's truck parked in a public highway was not "plainly visible because of street or other lights" and that the fact that parking lights were not displayed thereon "from one-half hour after sunset" and "whenever rain . . . shall interfere with clear vision" caused or contributed to cause this accident. *Connors* v. *Turgeon,* 96 N. H. 479.

There was also evidence that the truck's reflectors were dirty at the time of the accident. The jury could find a violation of RSA 263:13 requiring that "the visibility of such reflector shall not be impaired at any time" and that it was also causal of the accident. *MacDonald* v. *Appleyard,* 94 N. H. 362, 365.

The decedent was not contributorily negligent as a matter of law.

There was testimony that an operator of a motorcycle going at ten or fifteen miles per hour (at which rate the decedent could be found to have been traveling) in a heavy rain and without a hat, goggles or windshield "could see good" and that the rain would not bother him "too much at that speed." We cannot say as a matter of law that the decedent was contributorily negligent from the mere fact that he was so operating his motorcycle under the prevailing weather conditions.

It was testified that he was "traveling very slow" and appeared to continue at the same speed and in the same course until the collision. There were no brake marks apparent shortly after the accident. The truck involved, one of two parked there, had a cab and long platform body. There were four or five tiers of empty chicken crates on it. Three automobile drivers proceeding with their windshield wipers in operation and with headlights which findably provided greater illumination than the single light on the motorcycle testified that they experienced difficulty in seeing the truck at about that time. How much better or sooner the truck would have been observed if the statutory requirements as to parking lights and reflectors had been observed was a question for the jury. Under the circumstances we cannot say that the decedent was guilty of contributory negligence in colliding with this truck as he did. *Hemmelgarn* v. *Bailey,* (Ohio) 104 N. E. (2d) 50; 4

Blashfield, Cyclopedia of Automobile Law and Practice, Pt. 2 (perm. *ed.*) 315; see anno. 42 A. L. R. (2d) 13, 92; *Putnam* v. *Bowman,* 89 N. H. 200.

An important issue in this case was the visibility of defendant's truck at the time of the accident. This fact was material in determining whether there was a causal violation of RSA 263:51, *supra,* by the defendant and also in deciding whether decedent was guilty of contributory negligence. The experiences of the three motorists who testified relative thereto were relevant on the issue and whether their testimony should be admitted with the differences in time and mode of travel was a matter to be decided in the discretion of the Trial Court. *Darling* v. *Westmoreland,* 52 N. H. 401; *Burgess* v. *Railroad,* 98 N. H. 372, 381.

We have examined defendant's exceptions to certain portions of plaintiff's argument. One pertained to the fact that defendant's counsel did not point out to a State Police officer a difference between his original notes and his official report of the accident in an interview before trial but did so at the trial. In view of what took place before the jury when this difference was offered in evidence to impeach the testimony of the officer, we are of the opinion that plaintiff's argument was permissible. *Smith* v. *Bailey,* 91 N. H. 507, 511. Other argument to which exception was taken was warranted by the record.

Defendant's exception to the denial of certain of its requests for instructions must be overruled as we find that it was reasonably certain that the jury understood from the Court's charge that they were to consider these issues in deciding whether decedent was at fault. *Paradis* v. *Greenberg,* 97 N. H. 173, 175.

At the close of plaintiff's argument defendant moved for a mistrial because the sister or the mother of the decedent wept openly during the argument. This motion was denied. This occurrence was also one of the grounds of defendant's motion to set aside the verdict and for a new trial which was also denied. The Trial Court by its denial of these motions has found in effect that the defendant had a fair trial. *McLaughlin* v. *Union-Leader Corporation,* 99 N. H. 492, 499. We cannot say that it conclusively appears that the trial was rendered unfair by the occurrence complained of. *Cloutier* v. *Charland,* 100 N. H. 63.

*Judgment on the verdict.*

All concurred.